IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

```
JOHN MIDDLEMISS,                )    CV 04-150-M-DWM
                                )
        Petitioner,              )
                                )    ORDER
    vs.                          )
                                )
MIKE MAHONEY                    )
                                )
        Respondent.              )
_____)
```

On October 21, 2005, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation (doc. 6) on this matter recommending the dismissal of Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus.  On November 1, 2005, Petitioner timely objected (doc. 7) and is thus entitled to a *de novo* review of the record.  28 U.S.C. § 636 (b) (1).

Petitioner's 28 U.S.C. § 2254 habeas corpus petition is disorganized insofar as its four-point list of grounds for relief[1] is not reflected in the portion of the petition where he actually sets forth his claims.  His claims might be summarized as: (1)

---

[1] These grounds are: (1) ineffective assistance of counsel; (2) conviction obtained through violations of due process; (3) "vindictive, extremely excessive, and selective prosecutions that 'by far' surpasses the just concept of uniformity in sentencing;" and (4) conviction obtained in violation of "elements of" double jeopardy.  *See* Pet. at 3 ("Grounds Raised").

-1-

ineffective assistance of counsel both in fashioning a plea agreement with the State and in advising Middlemiss about its consequences and ineffective assistance at sentencing; (2) denial of meaningful access to the courts as a result of the ineffective assistance of his counsel at the trial and sentencing phases and as a result of his pro se status following the entry of judgment against him; (3) denial of due process at sentencing as a result of errors in the presentence report; (4) denial of equal protection by the Sentence Review Division's failure to recognize the "extreme excessiveness" of his sentence; and (5) double jeopardy in the State's decision to impose 15 felony charges against him and apparently also in the sentencing court's failure to consider mitigating evidence of his having been shot and seriously wounded at the beginning of a 22-minute period when the police were chasing him.  *See* Pet. at 3-9.

On prescreening the petition, Judge Erickson noted that it appeared to be barred by both the doctrine of procedural default and by the federal statute of limitations.  He explained these doctrines, as well as their exceptions, to Middlemiss and gave him an opportunity to show why his petition should go forward.  In response, Middlemiss submitted a document that Judge Erickson correctly found to be a "diatribe" on the failures that Middlemiss perceives in the criminal justice, postconviction, and prison systems.  Judge Erickson found that "[t]he problems which Mr.

Middlemiss is incurring are not a result of a corrupt legal system as he suggests but rather of his own failure to diligently pursue his state and federal remedies." Order (doc. 6) at 3. He accordingly recommended that Middlemiss's petition be dismissed for both procedural default and failure to comply with the federal statute of limitations.

On November 1, 2005, Middlemiss filed a "notice of objection" and a motion for a sixty-day extension of time "in which to gather the necessary documentation and authority needed to substantiate Petitioner brief in support of objection." On December 29, 2005, he filed a document titled "Supporting Documentation." Middlemiss argues that he filed his federal petition within one year of the Montana Supreme Court's denial, on May 29, 2003, of his petition for extraordinary relief, which amounted to an appeal of the Sentence Review Division's decision declining to change his sentence. Middlemiss does not address Judge Erickson's recommendation that his petition be dismissed for procedural default.

On the statute of limitations issue, Middlemiss's argument is inapposite. The one-year limitations period for filing a petition in federal court began to run when Middlemiss's time to file a notice of appeal under state law expired, which was sixty days after judgment was entered against him on October 19, 1998. *See* Pet. (doc. 3) at 1, ¶ 2; Mont. R. App. P. 5(b). Because the notice

of appeal he submitted to the trial court on October 13, 1999, was untimely, it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and so did not toll time under the federal statute of limitations.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).  Consequently, the federal statute of limitations expired on December 20, 1999.  Middlemiss has failed to show that it was impossible for him to file a petition on or before that time.

In addition to the fact that Middlemiss's petition was filed outside the federal limitations period, he is also barred by the doctrine of procedural default.  He did not pursue a timely direct appeal, and he never filed a postconviction petition in the trial court.  He does not claim that his counsel was ineffective for failing to pursue a direct appeal, and it is too late for him to make that claim now.  He has failed to show cause why he did not file a petition for postconviction relief.  Since he does not deny responsibility for the crimes to which he pled guilty, the "actual innocence" exception does not apply.  No exception having been shown, Middlemiss's petition is procedurally barred.  The fact that Middlemiss attempted to file an untimely notice of appeal and the fact that he filed a petition for extraordinary relief in the Montana Supreme Court do not ameliorate his failure to follow the established state procedures for having his claims heard.

The procedural obstacles to hearing Middlemiss's petition on the merits are not of this Court's or of Judge Erickson's making.

They are established by Congress and by the Supreme Court of the United States.  This Court's obligation is to apply the law.  It does not make the law.  Judge Erickson's Findings and Recommendations of October 21, 2005, are adopted in full because he correctly applied the governing law.

Accordingly, **IT IS HEREBY ORDERED** that Middlemiss's Petition is **DISMISSED WITH PREJUDICE** based on the one-year federal statute of limitations and based on the doctrine of procedural bar.

DATED this  8th   day of June, 2006.

/s/ Donald W. Molloy
Donald W. Molloy, Chief Judge
United States District Court